**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                        No. 99-6875

CECIL ARNOLD ODOM,
Defendant-Appellant.

Appeal from the United States District Court
for the District of Maryland, at Baltimore.
J. Frederick Motz, Chief District Judge.
(CR-88-62, CA-97-1299-JFM,
CA-99-952-JFM)

Submitted: August 31, 1999

Decided: September 21, 1999

Before MURNAGHAN, NIEMEYER, and MICHAEL,
Circuit Judges.

_____

Dismissed by unpublished per curiam opinion.

_____

**COUNSEL**

Helen Wang, Philadelphia, Pennsylvania, for Appellant. Barbara
Slaymaker Sale, Assistant United States Attorney, Baltimore, Mary-
land, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Cecil Arnold Odom seeks to appeal the district court's orders denying his motion filed under 28 U.S.C.A. § 2255 (West Supp. 1999), dismissing another § 2255 motion as successive and without authorization from this court under 28 U.S.C.A. § 2244 (West Supp. 1999), and denying in part a motion for reconsideration filed under Rule 60(b)(1) of the Federal Rules of Civil Procedure. We deny a certificate of appealability and dismiss the appeal.

With regard to the denial of Odom's first § 2255 motion, the district court granted Odom's May 26, 1999 motion for reconsideration to permit Odom to file a belated appeal from the October 31, 1997 order denying his § 2255 motion. Odom contended in his motion for reconsideration that he was "surprised" that the court had denied his § 2255 motion. Rule 60(b)(1) requires that a motion seeking relief on this ground be filed not more than one year after the denial of the § 2255 motion. See Fed. R. Civ. P. 60(b)(1). Because Odom did not timely file his motion for reconsideration and because the court may not extend the time in which to file a Rule 60(b)(1) motion, see Fed. R. Civ. P. 6(b), the court did not have discretion to permit Odom to file a belated appeal. Therefore, Odom's notice of appeal was not timely filed.

The time periods for filing notices of appeal are governed by Fed. R. App. P. 4. These periods are "mandatory and jurisdictional." Browder v. Director, Dep't of Corrections, 434 U.S. 257, 264 (1978). Parties to civil actions involving the United States are accorded sixty days within which to file in the district court notices of appeal from judgments or final orders. See Fed. R. App. P. 4(a)(1). Exceptions to the appeal period pertain only if the district court extends the time to appeal under Fed. R. App. P. 4(a)(5) or reopens the appeal period under Fed. R. App. P. 4(a)(6).

2

The district court entered its order denying Odom's § 2255 motion on October 31, 1997. Odom did not file his notice of appeal until June 14, 1999. The district court did not extend the time to appeal under Fed. R. App. P. 4(a)(5) or reopen the appeal period under Fed. R. App. P. 4(a)(6). Indeed, in response to Odom's May 26, 1999 motion for reconsideration, the district court lacked authority to afford relief under either provision as a motion for an extension of time under Fed. R. App. P. 4(a)(5) must be filed within thirty days of the running of the appeal period and a motion to reopen the time to file an appeal under Fed. R. App. P. 4(a)(6) must be filed no later than 180 days after the order sought to be appealed is entered. Accordingly, Odom's failure to note a timely appeal or obtain a proper extension of the appeal period leaves this court without jurisdiction to consider the merits of his appeal from the denial of the § 2255 motion. We therefore dismiss this portion of the appeal.

Insofar as Odom seeks to appeal the district court orders entered on April 16, 1999, dismissing without prejudice Odom's second § 2255 motion, and May 26, 1999, denying in part the motion for reconsideration, we have reviewed the record and the district court's opinions and find no reversible error. Accordingly, we dismiss the appeal of those orders on the reasoning of the district court. See United States v. Odom, Nos. CR-88-62; CA-99-952-JFM (D. Md. Apr. 16 & May 26, 1999).

In conclusion, we deny a certificate of appealability and dismiss the appeal. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

DISMISSED